UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
JOHN J. DURSO O/B/O J.M.D.        :        3:14 CV 67 (WWE)(JGM)
:
V.                                :
:
CAROLYN W. COLVIN,                :
ACTING COMMISSIONER OF            :
SOCIAL SECURITY                   :
:        DATE: SEPTEMBER 28, 2015
---------------------------------------------------------x

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On January 21, 2014, plaintiff commenced this action on behalf of J.M.D., appealing the final decision of the Appeals Council denying plaintiff's claim for Supplemental Security Income. (Dkt. #1). On July 7, 2014, plaintiff filed a Motion for Judgment on the Pleadings (Dkt. #13), and on September 16, 2014, defendant filed a Motion to Affirm. (Dkt. #19). On February 18, 2015, Senior U.S. District Judge Warren W. Eginton granted plaintiff's Motion for Judgment on the Pleadings, and remanded the case for further administrative proceedings. (Dkt. #20). On March 19, 2015, plaintiff filed the pending Motion for Attorney's Fees, with affidavit/brief and exhibits in support. (Dkt. #21).[1] On April 8, 2015, defendant filed her brief in opposition (Dkt. #22),[2] and on May 8, 2015, plaintiff filed a Supplemental Notice of Additional Authority. (Dkt. #23).[3] On September 8, 2015, this

---

[1] Attached to plaintiff's brief are three exhibits: a list of time spent by all counsel and paralegals (Exh. A); a list of time broken down by counsel time and by paralegal time (Exh. B); EAJA Calculation Tables (Exh. C); and an affidavit of plaintiff, sworn to December 19, 2013.

[2] Attached to defendant's brief in opposition are copies of filings by plaintiff's counsel in other matters, and copies of three decisions from the Southern District of New York involving plaintiff's counsel.

[3] Attached is a copy of another decision from the Southern District of New York involving plaintiff's counsel.

pending motion was referred to this Magistrate Judge. (Dkt. #24).

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #21) is <u>granted in the amount of **$1,042.40** for a total of 4.0 hours of attorney time at an hourly rate of $195.60, and 2.6 hours of paralegal time at an hourly rate of $100.00</u>.

## I. DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." <u>Comm'r, I.N.S. v. Jean</u>, 496 U.S. 154, 163 (1990)(footnote & citation omitted). In order for an award of attorney's fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B).

In the underlying Motion, plaintiff 's counsel seeks an award of $7,351.72, consisting of 33.70 hours of work at an attorney rate of $195.60, for a total of $6,591.72, and 7.6 hours of paralegal time, at an hourly rate of $100.00, for a total of $760.00. (Dkt. #21, at 1 & Affidavit/Brief at 2 & Exhs. A-B). Defendant does not contest plaintiff's prevailing party status, but defendant asserts that plaintiff's motion should be denied because plaintiff has failed to support his petition with contemporaneous time records, and because he has sought recovery for administrative and clerical tasks at paralegal rates. (Dkt. #22, at 1; <u>see id.</u> at 2-7).

A. CONTEMPORANEOUS TIME RECORDS

The EAJA requires an attorney seeking fees to submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C § 2412(d)(1)(B). The party seeking fees must present a fee application with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id.  As the Second Circuit has made clear, contemporaneous time records are a "prerequisite" for attorney's fees, Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010), quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983)["Carey"]; see also Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 149 (2d Cir. 2014), and "[t]hese records should specify, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1148. As Senior U.S. District Judge Charles S. Haight, Jr. reiterated two years ago, to be contemporaneous, hours must be recorded "while the work is being done or, more likely, immediately thereafter. Descriptions of work recollected in tranquillity days or weeks later will not do." Jerolmon v. Astrue, No. 10 CV 267 (CSH), 2013 WL 210898, at *3 (D. Conn. Jan. 18, 2013), quoting Handschu v. Special Svs. Div., 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010)(internal quotations omitted).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Plaintiff's counsel is well aware of the requirement of keeping contemporaneous time records, and in fact, submitted a sworn declaration in a case in the Southern District of New York, Kottwitz v. Colvin, Civ. No. 14-CV-2677(PGG/SN), conceding that he had not been complying with the law requiring that attorney's fee requests be supported by

3

contemporaneous time records, but averring that now his office uses "Prevail as our data management system keeping track of all work done on a file[,]" and "[o]ur Prevail vendor has now activated a previously hidden ledger tab which contains a stopwatch feature[,]" which counsel "believe[s] . . . will more accurately document our time and provide a direct printout of the time spent on a case." (Dkt. #22, Exh. A, ¶¶ 4, 11; see also Dkt. #22, Exh. B (Miranda v. Colvin, 13 cv 3264 (PKC)(unpublished decision)(allowing fees for work done after October 3, 2014, the date of his declaration in the Kottwitz case); Murillo v. Colvin, 14 Civ. 3555 (KMK)(PED)(unpublished decision)(same)).

In Stroud v. Comm'r, No. 13 Civ. 3251(AT)(JCF), 2015 WL 2114578, at *5 (S.D.N.Y. Mar. 24, 2015), adopted and modified, 2015 WL 2137697 (S.D.N.Y. May 6, 2015), another case involving plaintiff's counsel, U.S. Magistrate Judge James C. Francis IV observed in his Report and Recommendation on attorney's fees that plaintiff's counsel "attemp[ed] to distinguish the billing practices used for [that] litigation from those employed in Kottwitz[]" by including, just as he has in this case, the timekeeper for each entry. Magistrate Judge Francis found that "identify[ing] the timekeeper for each time entry does not, by itself, satisfy the [requisite] requirements[,]" and held that the fees incurred after his firm "unlocked a software feature . . . which employs a stopwatch feature to track the hours working on any task[]" are compensable. Stroud, 2015 WL 2114578, at *5 (citation & internal quotations omitted). Magistrate Judge Francis thus concluded that the fees incurred after the date that the Commissioner opposed the fee application in Kottwitz, that is, August 29, 2014, were compensable. Id. On May 6, 2015, Magistrate Judge Francis' Report and Recommendation was adopted and modified by District Judge Anallsa Torres, who held that plaintiff's counsel's firm "began keeping contemporaneous time records on August 28, 2014[,]" so that

4

"attorneys' fees incurred on or after that date are compensable." <u>Stroud</u>, 2015 WL 2137687, at *1 (footnote omitted)(<u>see also</u> Dkt. #23).

Accordingly, consistent with the <u>Stroud</u> decision, this Court concludes that the hours incurred on and after August 28, 2014, the date on which plaintiff's counsel's firm began keeping contemporaneous time records, are compensable.  In this case, there are twenty entries within the relevant time period, nine of which were incurred by attorneys, totaling $782.40 for 4.0 hours of work, and eleven of which were incurred by paralegals, totaling $300.00 for 3.0 hours of work.[4]  (Dkt. #21, Exh. B).

### B. CLERICAL AND SECRETARIAL TASKS

Defendant objects to time entries for "creating files and receiving and processing a file for attorney review, which were apparently performed by non-attorneys." (Dkt. #22, at 6).  In light of the Court's conclusion in Section I.A. <u>supra</u>, there remains only one entry within the relevant time period that refers to creating a file, for which plaintiff's paralegal billed 0.4 hours.  (<u>See</u> Dkt. #21, Exh. B, 3/18/2015).  Clerical and secretarial tasks are not compensable under the EAJA. <u>Kottwitz v. Colvin</u>, No. 14-CV-2677 (PGG), 2015 WL 293821, at *1, 4 (S.D.N.Y. July 14, 2015)(citations omitted); <u>see also Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989)("[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes "regardless of who performs them."); <u>Hosking v. Astrue</u>, No. 10 CV 64(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010), <u>approved and adopted</u>, 2010 WL 4681257 (D. Conn. Nov. 3, 2010).  Accordingly, only 2.6 hours of work incurred by paralegals, for a total of $260.00 is compensable.

---

[4]Seven entries for downloading, filing, saving, and distributing ECF notices are included on the paralegal time sheet, but neither time intervals nor amounts are included for reimbursement.

## II. CONCLUSION

For the reasons stated above, plaintiff's Motion for Attorney's Fees (Dkt. #21) is granted in the amount of **$1,042.40** for a total of 4.0 hours of attorney time at an hourly rate of $195.60, and 2.6 hours of paralegal time at an hourly rate of $100.00.

This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 6(a), 6(e), and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon a motion timely made.

See 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen calendar days after service of same)**; FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated this 28th day of September, 2015 at New Haven, Connecticut.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge